STATE, *ex rel.* Scofield Publishing Co., v. J. M. LEE, as Comptroller.

164 So. 359.
Division B.
Opinion Filed November 26, 1935.

*B. A. Meginniss* and *Waller & Pepper,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter, J. V. Keen* and *Marvin C. McIntosh, Assistants,* for Respondent.

TERRELL, J.—Alternative writ of mandamus was issued by this Court directed to the respondent commanding him to draw his warrant in favor of relator for $1,660.70 in payment of the balance alleged to be due it for publishing the delinquent tax list of Citrus County, Florida, for the year 1934, pursuant to the provisions of Section 756, Revised General Statutes of 1920, Section 969, Compiled General Laws of 1927.

In his return to the alternative writ the respondent posits two grounds for declining to comply with its command, viz., (1) That the Board of Directors and Supervising Committee of the Florida Press Association in which relator held membership adopted a resolution requesting the Comptroller to issue instructions to the several tax collectors not to include in the list of lands to be advertised for sale for delinquent taxes in 1934 any lands on which the State of Florida held a tax certificate, that said resolution was made known to the relator without protest, and (2) That respondent pursuant to authority claimed by him under Section 736, Revised General Statutes of 1920, Section 944, Compiled General Laws of 1927, and Chapter 16252, Acts of 1933, had issued instructions to the various tax collectors not to include in the delinquent tax list for 1934

any lands on which the State of Florida held tax certificates, that relator had knowledge of such instructions but advised the tax collector of Citrus County to disregard them and to furnish it a list of all lands appearing on the 1933 tax roll on which the taxes had not been paid by April 1, 1934.

A copy of the resolution of the Board of Directors and Supervising Committee of the Press Association and a copy of the instructions issued by the Comptroller to the several tax collectors of Florida are made part of the return by apt words. The designation of the newspaper, the delivery of the delinquent tax notice to relator by the tax collector, the publication of the notice for the required period of time according to the copy delivered by the tax collector and the propriety of the charges for the services are expressly admitted by the return.

The cause comes on now to be finally disposed of on the motion of the relator for a peremptory writ of mandamus notwithstanding the return of the respondent.

The advertisement and sale of delinquent lands for the non-payment of taxes is regulated by statute which for reasons not necessary to relate here must be substantially complied with. Charges for such advertisements are fixed by law and it is no defense to a claim for advertising said delinquent lists that the paper or newspaper corporation doing so was a member of a press association and that the Board of Directors and Supervising Committee of said association had passed a resolution reflecting the sentiment of the association to be, that newspapers publishing said lists should not include in them lands upon which the State held tax certificates.

It is likewise no defense to the claim of relator that respondent acting under authority of Section 944, Compiled

General Laws of 1927 and in pursuance of an administrative construction by him of Chapter 16252, Acts of 1933, required the county tax collector to eliminate from the notice of lands to be sold for delinquent taxes lands duly assessed by the tax assessor on which the State held tax certificates and may thereby avoid payment for publishing said notice.

It is made the mandatory duty of the tax collector under Section 756, Revised General Statutes of 1920, Section 969, Compiled General Laws of 1927, to include in his delinquent tax list all lands on which the taxes have not been paid prior to April 1. Daniel v. Taylor, 33 Fla. 636, 15 So. 313. It is admitted that the notice published was a true list of all the lands assessed upon which the taxes had not been paid and that the lands appearing in the notice were assessed for taxes for the year 1933.

Section 3 of Chapter 16252, Acts of 1933, in effect re-enacts Section 756, Revised General Statutes of 1920, the foregoing provision of law, and no administrative interpretation of that Act nor any power given him under Section 944, Compiled General Laws of 1927, authorizes the Comptroller to abrogate either. The latter has reference to forms and instructions given the assessors and collectors by the Comptroller to facilitate the administration of their duties and has no reference to mandatory duties imposed on them by law. State, *ex rel.* Dowling, v. Butts, 111 Fla. 630, 149 So. 746.

What has been said herein applies with equal force in response to the third and final question raised by the return. We do not, therefore, deem it necessary to pursue that question further.

It follows that the motion for peremptory writ notwithstanding the return must be and is hereby granted.

Ellis, P. J., and Buford, J. J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.